AMERICAN MEDICAL NURSING CEN-
TERS–GREENBROOK, Plaintiff,

v.

Margaret M. HECKLER, Secretary,
Department of Health and Human
Services, Defendant.

Civ. A. No. 83–2667.

United States District Court,
District of Columbia.

Sept. 26, 1984.

Thomas C. Fox, Eugene Tillman, Anne
Weisman, Pierson, Ball & Dowd, Wash-
ington, D.C., for plaintiff.

Thomas Coons, Dept of HHS, Baltimore,
Md., for defendant.

## MEMORANDUM OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

This action arises under Title XVIII of the Social Security Act, 42 U.S.C. § 1395 *et seq.* (the Medicare program). Plaintiff American Medical Nursing Centers-Greenbrook ("Greenbrook") seeks judicial review of a final decision of the Secretary of Health and Human Services ("HHS") denying a Medicare reimbursement of punitive damages awarded, and related costs incurred, in a medical malpractice suit brought by the estate of a Medicare beneficiary. Under the applicable standard of review, that decision may be set aside if arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 42 U.S.C. § 1395*oo*(f)(1); 5 U.S.C. § 706(2)(A) (1977). Jurisdiction over plaintiff's appeal is vested in this Court pursuant to 42 U.S.C. § 1395*oo*.

Before the Court are the parties' cross motions for summary judgment. The parties agree that no material facts are in dispute and direct the Court to a stipulation in the administrative record setting forth the relevant background facts. The contents of that stipulation are summarized below.

Plaintiff Greenbrook is a skilled nursing facility located in St. Petersburg, Florida. At all times relevant to this action, Greenbrook was owned and operated by American Medical Affiliates, Inc. ("American") and was certified as a provider of skilled nursing facility services under the Medicare program. On March 18, 1980, a malpractice judgment comprised of $25,000 in compensatory damages and $750,000 in punitive damages was entered against American in a Florida state court. The judgment was based on actions and omissions by Greenbrook and its employees which resulted in the death of Charlotte Cohen, a Greenbrook patient. Mrs. Cohen was a Medicare patient at Greenbrook at the time of her death.

At the time of Mrs. Cohen's death, American carried primary and excess profession-

al liability insurance with St. Paul Fire and Marine Insurance Company ("St. Paul"), for the facilities which it operated, including Greenbrook. Under the primary policy, St. Paul agreed to cover losses incurred by American as follows:

> The Company will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of:
>
> .    .    .    .    .
>
> Injury to any person arising out of the rendering of or failure to render professional services by the Insured or any other person for whose act the Insured is legally liable ....

The maximum liability under the excess liability policy was $6 million.

American submitted a claim for the $750,000 punitive damage award under its policy with St. Paul, but St. Paul denied coverage, citing Florida public policy which prohibits coverage of punitive damage awards. American appealed both the Florida state court judgment and St. Paul's refusal to cover the punitive damages. The Florida appellate court affirmed the judgment and refusal to pay on July 31, 1981. On January 5, 1982, American paid to the estate of Charlotte Cohen the sum of $858,-164, which represented punitive damages in the amount of $750,000 plus interest. American then sought reimbursement of that amount plus related costs totaling $329,633 from Medicare. American's Medicare fiscal intermediary, Aetna Life & Casualty ("Aetna"), disallowed the entire claim on the grounds that it involved an award of punitive damages. Greenbrook appealed the matter to the Provider Reimbursement Review Board ("PRRB"), which upheld Aetna's determination, ruling that punitive damages and related costs incurred in connection with a malpractice judgment are not reimbursable Medicare costs. Defendant, through the Deputy Administrator of the Health Care Financing Administration, reviewed and affirmed the PRRB's ruling. The Deputy Administrator's decision, dated July 14, 1983, is the final decision of defendant.

■ In the proceedings below, the parties stipulated that the sole issue in this case is whether an award of punitive damages and related costs incurred by a provider of skilled nursing facility services in malpractice litigation are reimbursable under the Medicare program. The regulation here at issue is 42 C.F.R. § 405.452(a)(1)(ii) (1983) ("the Malpractice Rule") which provides for direct assignment to the Medicare program of malpractice losses and related direct costs involving Medicare beneficiaries:

> If a provider pays allowable uninsured malpractice losses incurred by Medicare beneficiaries ... as a result of an award in excess of reasonable coverage limits ... such losses and related direct costs must be directly assigned to Medicare for reimbursement.

The Medicare instructions implementing the Malpractice Rule define "malpractice loss" as

> the *liability arising from an injury* to any person caused by a 'medical incident.' Medical incident means any act or omission in the furnishing of professional health care services. [Emphasis added.]

Provider Reimbursement Manual (HIM–15) § 2163.1.A (Appendix A to Plaintiff's Motion). Using those definitions, plaintiff argues that punitive damages included in a malpractice judgment involving a Medicare beneficiary are "malpractice losses" directly assignable to the Medicare program under the Malpractice Rule and that defendant's decision to the contrary contravenes Medicare regulations and must be reversed.

■ HHS determined, and this Court agrees, that the punitive damages assessed against plaintiff and related costs are not "malpractice losses" reimbursable under the Malpractice Rule. Although elemental tort law directs that injury is a necessary prerequisite to an award of damages, whether compensatory or punitive, it does not follow that both components of the Florida state court judgment against plaintiff constitute *liability arising from an*

*injury.* Punitive damages are "private fines levied by civil juries to punish reprehensible conduct...." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 351, 94 S.Ct. 2997, 3012, 41 L.Ed.2d 789 (1974); *see also In re Air Crash Disaster at Washington, D.C.*, 559 F.Supp. 333, 353 (D.D.C.1983). Injury alone will not justify an award of punitive damages; the "focus [of punitive damages] is on the *character of the tortfeasor's conduct." Smith v. Wade*, 461 U.S. 30, 103 S.Ct. 1625, 1638–39, 75 L.Ed.2d 632 (1983). In this case, the injuries suffered by Charlotte Cohen gave rise to a compensatory damage award of $25,000. Looking beyond the injury to the nature of plaintiff's conduct, the jury in the Florida state court action determined that that conduct warranted imposition of punitive damages in the amount of $750,000, none of which fits the definition of a "malpractice loss" for which plaintiff may claim reimbursement.

Furthermore, the result which plaintiff seeks would contravene federal public policy considerations which counsel against allowing reimbursement of punitive damage assessments. The purpose of assessing punitive damages is "to punish the tortfeasor ... and to deter him and others from similar extreme conduct." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 266–67, 101 S.Ct. 2748, 2759–60, 69 L.Ed.2d 616 (1981). That purpose would be ill served by reimbursement, which would shift the responsibility for paying the damages from Greenbrook to the Medicare trust fund, and ultimately to this nation's taxpayers who would bear the burden of plaintiff's wrongdoing.

Plaintiff can identify no case in which a punitive damage award has been held to be a reimbursable malpractice loss. *Coatesville Hospital*, PRRB Decision No. 82–D83, Medicare and Medicaid Guide (CCH) (1982 Transfer Binder) ¶ 31,949, *aff'd*, HCFA Deputy Administrator Decision, June 23, 1982 (DDH ¶ 32,064), cited by plaintiff, is easily distinguishable. In that case a jury returned a verdict for $1,250,000 in compensatory damages and $250,000 in punitive damages against the hospital. Subse-

quent to the entry of judgment, a settlement was reached whereby the hospital agreed to pay $750,000, an amount later found fully allowable for reimbursement by Medicare. Inasmuch as the settlement figure was far below the $1,250,000 compensatory damage figure and the settlement did not distinguish between compensatory and punitive damages, the question of whether punitive damages would be reimbursed did not arise.

Despite vigorous argument, plaintiff has not shown that the Deputy Administrator's decision here on review was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. *See* 42 U.S.C. § 1395*oo*(f)(1); 5 U.S.C. § 706(2)(A) (1976). On the contrary, the decision to deny reimbursement of punitive damages and related costs arising from plaintiff's conduct in the matter of the death of Charlotte Cohen finds support in the applicable Medicare regulations and accompanying instructions defining reimbursable losses. Furthermore, as discussed above, the decision furthers federal public policy and is not inconsistent with prior decisional law.

For all of these reasons, it is, by the Court, this 26th day of September, 1984

ORDERED that plaintiff's motion for summary judgment is hereby denied, it is further

ORDERED that defendant's cross-motion for summary judgment is hereby granted, and it is further

ORDERED that judgment shall be entered in favor of defendant Margaret M. Heckler, Secretary of the United States Department of Health and Human Services and against plaintiff American Medical Nursing Centers-Greenbrook.